# EXHIBIT B

# Complaint Against Trans Union, LLC

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth
Civil Other/ Misc.

)
)
Michael Emmers, )
)
      Plaintiff, )
)
      v. )
)
Trans Union LLC, )    **COMPLAINT**
)
      Defendant. )
)
)
)

Plaintiff, by and through his attorney, for his complaint against Defendant upon

personal knowledge as to his own facts and conduct and on information and belief as to all

other matters, states and alleges as follows:

## INTRODUCTION

This case involves a major credit reporting agency falsely reporting incorrect

information concerning the following six tradelines: - JPMCB CARD              ,

CITI          , JPMCB  CARD          , BRCLYSBANKDE

          , DISCOVERBANK        , and CBNA           .

Defendant, Trans Union, LLC ("Trans Union"), has repeatedly reported incorrect

information despite Plaintiff's attempts to correct the highly prejudicial false credit

information contained in Plaintiff's report. Despite repeated attempts to correct this

information, Trans Union failed to respond to Plaintiff's dispute, yet failed to delete the

information as required by law. The effect of Trans Union's actions was damage to Plaintiff's

3

01086-Emmers

credit score frustrating, if not totally preventing, his ability to utilize the credit system. Based on the false information reported by Trans Union, Plaintiff's employment with the Department of Homeland Security has and continues to be been put at risk. Additionally, these inaccuracies have increased interest rates for various lines of credit obtained by the Plaintiff. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced the action.

Finally, during the course of investigating this matter, it was further discovered that Trans Union illegally sold Plaintiff's confidential information to third parties without a permissible purpose.

## STATEMENT OF JURISDICTION AND VENUE

1.      This Court has Jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

2.      Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

4.      Trans Union, LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

4

01086-Emmers

**FACTS**

5.      Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

6.      Plaintiff is employed by the Department of Homeland Security and this job requires his credit to be periodically checked so he can obtain various security clearances.

7.      In December 2021, Plaintiff became aware of these inaccuracies through this work obtained credit report.

8.      Trans Union had prepared and issued consumer reports concerning Plaintiff, and reviewed by Plaintiff's employer, that included false and inaccurate information.

9.      The inaccurate information was contained in the following six tradelines: JPMCB CARD                   , CITI                   , JPMCB CARD                   , BRCLYSBANKDE                   , DISCOVERBANK                   , and CBNA                   ("Inaccurate Information").

10.     Examples of the inaccurate data points that were published in the Inaccurate Information include, but are not limited to, inaccurate payment history, inaccurate balances, inaccurate account statuses, etc.

11.     Plaintiff promptly disputed the Inaccurate Information with Trans Union.

12.     Specifically, Plaintiff sent Trans Union such notice via certified mail on or about January 3, 2022.

13.     Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

5

01086-Emmers

14.     Trans Union failed to respond to Plaintiff's dispute yet failed to delete the information as required by law.

15.     Because Trans Union failed to respond to the first letter, the Plaintiff resent the notice.

16.     Specifically, Plaintiff resent Trans Union such notice via certified mail on or about May 20, 2022.

17.     Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

18.     Trans Union again failed to respond to Plaintiff's dispute and again failed to delete the information as required by law.

19.     The Plaintiff has suffered actual damage in the form of severe emotional distress from Trans Union's reporting of this Inaccurate Information as his employer now has a false and misleading view of his credit history.

20.     This Inaccurate Information has and continues to affect assignments the Plaintiff can qualify for as he needs to be approved for certain security clearances.

21.     Additionally, various individuals seeking to lend to Plaintiff consulted the consumer reports furnished by Defendant containing the false and misleading information at issue.

22.     As a result of the Inaccurate Information, the Plaintiff has incurred higher interest rates for various lines of credit.

6

23.     The Plaintiff has been damaged by the publication of this Inaccurate Information because he is paying higher interest rates for credit than his actual and truthful credit history would qualify him for.

24.     Defendant's transgressions did not however end there: Despite recent emphasis on the importance of protecting consumer information, Trans Union has exercised wonton disregard for the law and regulators' concerns, by issuing consumer reports (Plaintiff's included) to individuals and companies without a permissible purpose.

25.     Specifically, Trans Union is known to have provided protected consumer files to a known cyber extortion website, Mylife.com, who in turn sold or offered to sell, and currently offers to sell, the same information to any person willing to pay for it regardless of the fact such users lack a permissible purpose under the statute.

26.     In a mob style extortion scheme Mylife.com, thereafter marketed "data protection" services to Plaintiff whereby Plaintiff's confidential consumer data would be removed if Plaintiff agreed to pay Mylife.com a monthly fee.

27.     As a result of Trans Union's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

28.     Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

7

## APPLICABLE STATUTORY LAW

29.     CRAs that sell consumer reports must comply with the FCRA. FCRA Section 604, 15 USC § 1681i(b), requires CRAs to assure that users have a permissible purpose for the use of consumer reports. The Consumer Financial Protection Bureau has recently emphasized the growing importance of the FCRA's data privacy protections.[1]

30.     FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

31.     Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

32.     The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

33.     CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

---

[1] https://www.govinfo.gov/content/pkg/FR-2022-07-12/pdf/2022-14823.pdf

01086-Emmers

## FIRST COUNT

### Willful Noncompliance with the FCRA

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    Trans Union willfully failed to comply with the requirements of FCRA, including but not limited to:

   a.  Failing to comply with the requirements of Section 604, 15 USC § 1681i(b), by selling consumer information to users without a permissible purpose.

   b.  failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   c.  failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

   d.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

   e.  failing to comply with the requirements of 15 USC § 1681g;

   f.  failing to comply with the requirements of 15 USC § 1681i; and

   g.  failing to comply with the requirements of 15 USC § 1681c-2.

36.    As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual

9

activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related
health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT

### Negligent Noncompliance with the FCRA

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

38.     Trans Union negligently failed to comply with the requirements of FCRA, including
but not limited to:

> a.  Failing to comply with the requirements of Section 604, 15 USC § 1681i(b), by
> selling consumer information to users without a permissible purpose.

> b.  failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in
> publishing a report with obsolete information.

> c.  failing to comply with the requirements of Section 611, 15 USC § 1681i, in
> failing to conduct a reinvestigation of the disputed.

> d.  failing to follow reasonable procedures to assure maximum possible accuracy
> of the information in reports concerning Plaintiff, as required by 15 USC §
> 1681e(b);

> e.  failing to comply with the requirements of 15 USC § 1681g;

> f.  failing to comply with the requirements of 15 USC § 1681i; and

> g.  failing to comply with the requirements of 15 USC § 1681c-2.

39.     As a result of Trans Union's failure to comply with the requirements of the FCRA,
Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost

10

01086-Emmers

opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## Jury Demand

40.    Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.    All actual compensatory damages suffered;

b.    statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

c.    Injunctive relief prohibiting such conduct in the future;

d.    Reasonable attorney's fees, litigation expenses, and cost of suit; and

e.    Any other relief deemed appropriate by this Honorable Court.


Dated: October 5, 2022          **MADGETT LAW, PLLC**

/s/Tim Anderson
Tim Anderson (#0402885)
333 S 7th Street, Suite 2450
Minneapolis, MN 55402
651-728-5081

tanderson@madgettlaw.com
ATTORNEY FOR PLAINTIFF

11